UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA DEVELOPMENT CORPORATION, a Washington corporation, LEE D. ALLISON and LUANN L. ALLISON husband and wife,<br><br>Defendants. | Case No. C09-5426RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Insurance Company of the West's ("ICW") Motion for Summary Judgment. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

I. **FACTS**

Plaintiff, ICW, brings this indemnification action against Defendants Alpha Development Corporation ("Alpha"), a contractor, and its President, Lee D. Allison, and his wife, Luann L. Allison, based upon losses ICW alleges that it suffered on payment, performance, and license bonds ("Bonds") posted to various owners in the state of Washington. Dkt. 1.

Since 1986, Alpha has been involved in numerous private and public construction projects. Dkt. 17., at 1. Alpha obtained performance bonds from ICW in accord with industry standards. *Id.* Defendants Allison ("Indemnitors") do not dispute that they executed the Indemnity Agreement in consideration for the posting of the ICW bonds. *Id.* The Indemnity Agreement provides:

INDEMNITY. The Undersigned shall indemnify and keep indemnified the Surety against

ORDER
Page - 1

> any and all liability for losses and expenses of whatever kind or nature, including attorney fees and costs, by reason of having executed or procured the execution of Bonds, or by reason of the failure of the Principal or Indemnitors to perform or comply with the covenants and conditions of this Agreement.
>
> The Surety may pay or compromise any claim, demand, suit, judgment or expense arising out of the Bonds, and any such payment or compromise made by the Surety in the reasonable belief that it was liable for the amount paid or that it was expedient under the circumstances to make such payment or compromise, shall be binding upon the undersigned as a loss or expense covered by this indemnity, whether such liability actually existed . . .
>
> An itemized statement of the payment or compromise, sworn to by an officer of the Surety, or the voucher or vouchers or other evidence of the payment or compromise, shall be prima facie evidence of the fact that the amount of the liability of the Undersigned under that agreement. . .
>
> COLLATERAL. If for any reason the Surety believes it may sustain a loss or expense on a bond, Surety may, from time to time, demand, and upon Surety's demand, the undersigned shall deliver over to Surety, cash or collateral acceptable to Surety as to amount and form, to cover any contingent losses or expenses and any subsequent increase thereof. The Surety shall have the right to use the cash or collateral to pay or settle any liability, loss, or expense for which the undersigned would be obligated to indemnify the Surety under this agreement . . .

Dkt. 12. As a result of the down turn in the real estate market, Defendants acknowledge that Alpha was not able to complete certain projects. *Id.*

According to Susan Karlan, a Vice President at ICW, ICW has made net claim payments in connection with the bonds in the amount of $415,652.31 and incurred expenses in the amount of $88,650.50, for a total of $503,302.81. Dkt. 13, 1-2. She states that ICW continues to incur legal and consulting fees, costs, and expenses in connections with the claims. *Id*, at 2. Ms. Karlan states that further claims may be made against the bonds. *Id*. She states that all payments were made under the "reasonable belief that ICW was liable or because it was expedient under all circumstances to make such payments." *Id.* Ms. Karlan asserts that ICW set a reserve aside of $552,500 on the bonds and that reserve has been reduced to $245,389.00. *Id.*

ICW now moves for Summary Judgment, arguing: 1) ICW is entitled to summary judgment because of the Defendants' undisputed and uncured breaches of the indemnity agreement, 2) ICW is entitled to recover all damages resulting from Indemnitors' material breach of the Indemnity Agreement, and 3) ICW is entitled to an order for specific performance of the Indemnity Agreement requiring indemnitors to post collateral sufficient to protect ICW from future losses. Dkt. 11. ICW seeks summary judgment requiring Indemnitors: 1) to indemnify ICW for losses and expenses arising from claims against the bonds in the amount of $503,302.81, 2) post collateral security in the amount of $245,398.00

sufficient to protect ICW from future losses, and 3) supplemental judgments at such time and under such circumstance as claims are adjusted and satisfied by ICW. Dkt. 11.

Defendants file a Response, arguing that ICW may not invoke the indemnity and collateral clauses without greater support for its damages and intentions with respect to enforcing the specific performance provision of the Indemnity Agreement. Dkt. 16.

ICW files a reply, and moves the Court for an order striking Defendants' Response as untimely. Dkt. 18. In support of its Motion for Summary Judgment, ICW argues that 1) it is undisputed that Defendants breached the Indemnity Agreement and ICW is entitled to damages from the breach and 2) ICW is entitled to specific performance requiring the posting of collateral security. Dkt. 18.

## II. DISCUSSION

### A. SUMMARY JUDGMENT - STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party

only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990)

### B. CONSIDERATION OF THE RESPONSE

ICW's motion to strike Defendants' Response (Dkt. 18.) should be denied. Although it was untimely, in the interest of fully and fairly reaching the merits of this matter, Defendants' Response should be considered.

### C. BREACH OF THE INDEMNITY AGREEMENT AND DAMAGES

In Washington, "[i]ndemnity agreements are interpreted like any other contracts." *Scott Galvanizing, Inc. v. N.W. EnviroServs., Inc.,* 120 Wash.2d 573, 580 (1993). The elements of a breach of contract claim in Washington are: 1) the existence of a valid contract between the parties, 2) breach by the defendant, and 3) damages. *See Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash.2d 493 (2005).

ICW's motion for an order requiring Defendants to indemnify ICW for losses and expenses arising from claims against the bonds in the amount of $503,302.81 should be granted. Defendants do not dispute that the parties had a valid contract or that they breached the Indemnity Agreement. Defendants do not meaningfully dispute that they owe ICW $415,652.31, representing the net claim payments ICW has made on the Bonds.

Defendants argue that the evidence submitted by ICW "contain absolutely no specificity as to how the total to date expenses of $88,650.50 were calculated, or even what constitutes 'expenses.'" Dkt. 16, at 3. In its Reply, ICW points out that the Defendants did not request documentation on a breakdown of expenses from ICW, nor did they ask for a continuance to get such documentation, even after the summary judgment motion was filed. Dkt. 18, at 3.

As to what constitutes "expenses," the Indemnity Agreement provides that:

> The Surety may pay or compromise any claim, demand, suit, judgment or expense arising out of the Bonds, and any such payment or compromise made by the Surety in the

> reasonable belief that it was liable for the amount paid or that it was expedient under the circumstances to make such payment or compromise, shall be binding upon the undersigned as a loss or expense covered by this indemnity, whether such liability actually existed . . .

Dkt. 12. The record contains a Declaration of Ms. Karlan, ICW's Vice President, who swears "under the penalty of perjury" that all payments were made under the "reasonable belief that ICW was liable or because it was expedient under all circumstances to make such payments." Dkt. 13, at 2. Under the plain language of the Indemnity Agreement, these amounts are "binding upon the undersigned." Dkt. 12. Defendants have made no showing to the contrary.

As to how the amount of expenses were calculated, the Indemnity Agreement further states that "[a]n itemized statement of the payment or compromise, sworn to by an officer of the Surety, or the voucher or vouchers or other evidence of the payment or compromise, shall be prima facie evidence of the fact that the amount of the liability of the Undersigned under that agreement." Dkt. 12. In her declaration, Ms. Karlan, an officer of ICW, swears that ICW has incurred the expenses in the amount of $88,650.50 in connection with the claim payments on the Alpha Bonds. Dkt. 13, at 2. A spreadsheet is attached to her Declaration, which lists items like the Bonds, claimant, original amount of the Bond, amount paid to date, and "expenses." Dkt. 13, at 3. While it is true that no individual expenses are listed, there is no showing that the amounts listed are not "expenses" under the agreement, or that the amounts were not properly calculated. Although the spreadsheet leaves something to be desired in its specificity, it is still a sufficient "statement of the payment" when considered with Ms. Karlan's Declaration. Defendants offer no evidence to the contrary. Defendants have failed to show that there is a material issue of fact as to this issue and should be ordered to indemnity ICW $503.302.81.

### D. POSTING OF COLLATERAL SECURITY

Under Washington law, "[t]he words used in a contract should be given their ordinary meaning. Courts may not adopt a contract interpretation that renders a term absurd or meaningless." *MacLean Townhomes, L.L.C. v. America 1st Roofing & Builders Inc.,* 133 Wash. App. 828, 831 (Wash. App. Div. 1, 2006). The indemnity Agreement provides,

> COLLATERAL. If for any reason the Surety believes it may sustain a loss or expense on a bond, Surety may, from time to time, demand, and upon Surety's demand, the undersigned shall deliver over to Surety, cash or collateral acceptable to Surety as to amount and form, to cover any contingent losses or expenses and any subsequent increase thereof. The Surety shall have the right to use the cash or collateral to pay or settle any liability, loss, or

ORDER
Page - 5

expense for which the undersigned would be obligated to indemnify the Surety under this agreement . . .

Dkt. 12.

ICW's summary judgment motion requiring Indemnitors to post collateral security in the amount of $245,398.00 sufficient to protect ICW from future losses should be granted. Defendants have failed to show that there are issues of fact as to whether this provision of the contract had been triggered. Defendants argue in their Response, with no citation to authority, that ICW has not "provided any details in its motion or its proposed order, as to how ICW intends to establish adequate protection or effectuate specific performance through cash or non-cash collateral." Dkt. 16, at 3. They argue that nothing in the pleadings or the contract place Defendants on "notice regarding ICW's proposed course of action with respect to additional collateral." *Id.,* at 4. Defendants do not explain the relevance of this argument or make a showing as to why the motion should not be granted.

### E. SUPPLEMENTAL JUDGMENTS

ICW also moves for an order granting it "supplemental judgment at such time and under such circumstances as claims are adjusted and satisfied by ICW, and on notice to indemnitors." Dkt. 18, at 5. Although Defendants do not address this portion of ICW's motion, the Court can not award anticipatory judgments for unknown amounts. Plaintiff may move for supplemental judgments as may be appropriate. ICW's motion for supplemental judgment should be denied.

## III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiff Insurance Company of the West's Motion to strike Defendants' Response (Dkt. 18) is **DENIED**;

- Plaintiff Insurance Company of the West's Motion for Summary Judgment (Dkt. 11) is **GRANTED, IN PART,** as follows:

    - Indemnitors are ordered to: 1) indemnify ICW for losses and expenses arising from claims against the bonds in the amount of $503,302.81 and 2) to post collateral security in the amount of $245,398.00 sufficient to protect ICW from future losses;

- Plaintiff Insurance Company of the West's Motion for Summary Judgment (Dkt. 11) is **DENIED IN PART**, as to the motion for supplemental judgments; and

- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of December, 2009.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page - 7